IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JANET SWEET, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>ADVANCE AUTO STORES )<br>COMPANY, INC., et al., )<br>)<br>Defendants. ) | Case No. 7:21-cv-549<br><br>By:   Michael F. Urbanski<br>Chief United States District Judge |

## MEMORANDUM OPINION

This matter comes before the court on plaintiffs' Motion to Certify Class, ECF No. 40, and two Joint Stipulations as to the Class Definition, ECF Nos. 43, 50. Because the Second Joint Stipulation as to the Class Definition satisfies the requirements of Federal Rule of Civil Procedure 23, the court **GRANTS** the Motion to Certify Class, ECF No. 40, as defined in the Second Joint Stipulation. ECF No. 50.

**I.**

Plaintiffs brought this action pursuant to sections 409 and 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1109 and 1132. Am. Compl., ECF No. 25, at ¶ 1. Plaintiffs brought this suit on behalf of the Advance Auto Parts, Inc. 401(k) Plan (the "Plan"), themselves, and all others similarly situated against the Plan's fiduciaries, including Advance Stores Company, Inc., ("Advance" or "Company"), the Board of Directors of Advance and its members during the Class Period ("Board") and the Retirement Committee of Advance's 401(k) plan and its members during the Class Period ("Committee") for breaches of their fiduciary duties. Am. Compl., ECF No. 25, at ¶ 1.

1

Plaintiffs allege that during the Class Period—which stretches from October 20, 2015 through the date of judgment—defendants breached their fiduciary duties of prudence and loyalty, in violation of 29 U.S.C. § 1104. Id. at ¶ 15. Specifically, plaintiffs claim that defendants (1) "fail[ed] to objectively and adequately review the Plan's investment portfolio with due care to ensure that each investment option was prudent, in terms of cost;" (2) "maintain[ ] certain funds in the Plan despite the availability of identical or similar investment options with lower costs and/or better performance histories;" and (3) "fail[ed] to control the Plan's recordkeeping costs." Id. at ¶ 12.

The Plan at issue is a defined contribution plan in which nearly all salaried employees are eligible to participate. Id. at ¶¶ 46–47. Plan participants are able to contribute between 1% and 80% of their eligible compensation to the Plan, subject to a match by Advance of 100% match on the first 3% and 50% on each additional 1% of each participant's contribution, up to 5%. Id. at ¶ 49. The Plan is administered by the Committee, which is responsible for determining the appropriateness of the Plan's investments and monitoring investment performance. Id. at ¶ 54. Plan participants can choose where to direct their contributions among investment funds determined by the Committee. Id. at ¶ 55.

Plaintiffs claim that the Plan's fees were unreasonable during the Class Period in six ways: (1) the Plan's total costs were higher than that of its peers, id. at ¶¶ 67–68, (2) the Plan's recordkeeping and administrative costs were excessive, id. at ¶¶ 69, 79, 85, 88, 90–92, (3) the Plan's funds often had higher management fees than funds in other, similarly-sized plans, id., at ¶¶ 93, 103–05, (4) several Plan funds were not in the lowest fee share class available, id. at ¶¶ 106, 109–14, (5) the Plan failed to replace higher cost and underperforming funds with

nearly identical lower cost and better performing alternatives, id. at ¶¶ 115–23, and (6) Defendants failed to diversify the Plan, id. at ¶¶ 124–34.

Five plaintiffs currently seek to represent the class: Janet Sweet ("Sweet"), of Roanoke, Virginia; Safi Riaz ("Riaz"), of Macomb, Michigan; Bessie McAdams ("McAdams"), of Surprise, Arizona; Keith Edwards ("Edwards"), of Cusseta, Alabama; and Peter Dargel ("Dargel"), of Succasunna, New Jersey. Id. at ¶¶ 20–23, 25. All five plaintiffs allege that they participated in the Plan, were "subject to the excessive administration and recordkeeping costs" and were injured "by overpaying for [their] share of administration and recordkeeping costs." Id. Riaz, Edwards, Dargel, and Sweet (all the named plaintiffs except McAdams) invested in the BlackRock LifePath target date funds "complained of in this matter." Id. Sweet, unlike the other named plaintiffs, invested in the Wells Fargo Stable Value Fund Class M, which "paid revenue sharing to Fidelity to pay for the excessive administration and recordkeeping costs." Id. at ¶¶ 25, 79.

Plaintiffs seek various forms of declaratory, injunctive, and monetary relief. Id. at 42–44.

Plaintiffs initially moved to certify the following proposed class:

> All persons, except Defendants and their immediate family members, who were participants in or beneficiaries of the Advance Auto Parts, Inc. 401(k) Plan, at any time between October 20, 2015 through the date of judgment (the "Class Period").

ECF No. 40, at 1–2. Shortly thereafter, the parties jointly stipulated to certification of the following class:

> All participants and beneficiaries in the Advance Auto Parts, Inc. 401(k) Plan at any time on or after October 20, 2015 through the

3

> date of Judgment (the "Class Period"), including any beneficiary of a deceased person who was a participant in the Plan at any time during the Class Period.

ECF No. 43, at 2. This proposed class contained two subclasses, one for beneficiaries who had executed releases of their claims and one for beneficiaries who had not. Id. Following a May 12, 2023, hearing on the question of class certification, the parties submitted a revised joint stipulation proposing a single class:

> All persons, except individual Defendants and their immediate family members, who were participants in or beneficiaries of the Plan, at any time between October 20, 2015 through the date of judgment (the "Class Period"), excluding any class member who executed an applicable release.

ECF No. 50, at 1. The court considers only the class as proposed in the Second Joint Stipulation.

The named plaintiffs further seek appointment of their counsel as class counsel. ECF No. 40. All proposed class counsel have at least some experience serving as class counsel in similar cases. Mark K. Gyandoh ("Gyandoh") states that he has eighteen years of experience litigating ERISA breach of fiduciary duty claims, and is currently the chair of the Fiduciary Practice Group with his firm. ECF No. 40-2, at 7. Donald Reavey ("Reavey") has several years of experience in litigating "dozens" of ERISA breach of fiduciary duty claims. Id. Aaron B. Houchens ("Houchens") has previously defended a class action lawsuit in the Western District of Virginia and is currently involved in a similar ERISA class action in another district. ECF No. 40-3, at 3. Andrew L. Fitzgerald ("Fitzgerald") has approximately twenty years of experience in ERISA class action litigation. ECF No. 40-4, at 3. Further, each proposed

4

counsel states that they and their respective firms have investigated this case before filing the complaint. ECF Nos. 40-2, at 3; 40-3, at 2; 40-4, at 2.

## II.

"To be certified, a proposed class must satisfy Rule 23(a) and one of the three subparts of Rule 23(b)." Id.  Rule 23(a) lists four prerequisites: (1) numerosity of parties, (2) commonality of factual or legal issues, (3) typicality of claims and defenses of class representatives, and (4) adequacy of representation. Id. Rule 23(b) provides for three types of class actions. First,

> Rule 23(b)(1) applies where separate actions by or against individual class members would create a risk of "establish[ing] incompatible standards of conduct for the party opposing the class," Rule 23(b)(1)(A), such as "where the party is obliged by law to treat the members of the class alike," Amchem Products, Inc. v. Windsor, 521 U.S. 591, 614, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997), or where individual adjudications "as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests," Rule 23(b)(1)(B), such as in " 'limited fund' cases, . . . in which numerous persons make claims against a fund insufficient to satisfy all claims," id., at 614, 117 S.Ct. 2231.

Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 361 n.11 (2011). Rule 23(b)(2) "allows class treatment when 'the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.'" Id. at 360. Rule 23(b)(3) applies to "individualized monetary claims" and requires that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is

superior to other available methods for fairly and efficiently adjudicating the controversy." Id. at 362.

The court is required to conduct a "rigorous analysis" to ensure that a proposed class action complies with the requirements set forth in Rule 23. Thorn v. Jefferson–Pilot Life Ins. Co., 445 F.3d 311, 318 (4th Cir. 2006) (citations omitted). The "party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc." Wal–Mart Stores, Inc., 564 U.S. at 351.

## III.

The class definition proposed in the Second Joint Stipulation, ECF No. 50, meets the requirements set forth in Federal Rule of Civil Procedure 23.

### A. Rule 23(a) Prerequisites

As stated above, Rule 23(a) imposes four requirements, each of which much be met for class certification: numerosity; commonality; typicality; and adequacy of representation.

#### 1. Numerosity

For a class to meet the first requirement of Rule 23(a), it must be "so numerous that joinder of all members is impracticable." Fed.R.Civ.P. 23(a)(1). "No bright line test exists for determining numerosity and the determination rests on the court's practical judgment in light of the particular facts of the case." Savani v. Wash. Safety Mgmt. Solutions, LLC, No. 1:06–CV–02805–MBS, 2012 WL 3757239, at *2 (D.S.C. Aug. 28, 2012) (citing Lott v. Westinghouse Savannah River Co., Inc., 200 F.R.D. 539, 550 (D.S.C.2000)). Additionally, it is not required that the exact size of a class be established. Indeed, "where general knowledge and common

sense would indicate that it is large, the numerosity requirement is satisfied." Mitchell–Tracey v. United Gen. Title Ins. Co., 237 F.R.D. 551, 556 (D. Md. 2006) (citing 6 Alba Conte & Herbert Newberg, Newberg on Class Actions, § 3:3 (4th ed. 2006)); see also Haywood v. Barnes, 109 F.R.D. 568, 576–77 (E.D.N.C.1986) (detailing the level of precision required for numerosity to be established). "Plaintiff[s] need only make a reasonable estimate of the number of class members." Wiseman v. First Citizens Bank & Trust Co., 212 F.R.D. 482, 486 (W.D.N.C.2003); see also Fitzgerald v. Schweiker, 538 F. Supp. 992, 1000 (D. Md. 1982) ("Plaintiffs' good faith estimate of the size of the class clearly is sufficient to establish numerosity.").

Here, the second stipulated class plainly meets the numerosity requirement, as there were over 22,000 participants during the Class Period. ECF No. 43, at 2. Even excluding named Defendants, their immediate family members, and those who signed releases, common sense dictates that the numerosity requirement would still be met. See Mitchell–Tracey, 237 F.R.D. at 556.

## 2. Commonality

Commonality requires the presence of at least one question of law or fact common to the class, Fed. R. Civ. P. 23(a)(2), such that "classwide resolution" can be provided "in one stroke." Wal–Mart Stores, Inc. v. Dukes, 564 U.S. 338, 350 (2011).

The parties claim that there are several common issues related to the Class claims, specifically, (1) whether defendants breached their duty of prudence owed to the plan; (2) whether the plan and its participants and beneficiaries were injured by the breaches in fiduciary duty; and (3) whether the plan and its participants are entitled to any recovery and the measure

thereof. ECF No. 43, at 2.  Courts often find similar common issues in ERISA cases alleging breach of fiduciary duty. See Yost v. First Horizon Nat. Corp., No. 08-2293-STA-CGC, 2011 WL 2182262, at *7 (W.D. Tenn. June 3, 2011); see e.g., Pledger v. Reliance Tr. Co., No. 1:15-cv-4444, Dkt. 101 (N.D. Ga. Nov 7, 2017). Similarly, there are common questions of fact as to Plan management and oversight. As the resolution of these common issues of law and fact will be necessary to advance this suit, plaintiffs have satisfactorily demonstrated the commonality element.

### 3. Typicality

Typicality requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "The essence of the typicality requirement is captured by the notion that 'as goes the claim of the named plaintiff, so go the claims of the class.'" Deiter v. Microsoft Corp., 436 F.3d 461, 466 (4th Cir. 2006) (citing Broussard v. Meineke Disc. Muffler Shops, Inc., 155 F.3d 331, 340 (4th Cir. 1998)). Thus, in pursuing their own case, the representative parties "must simultaneously tend to advance the interests of the absent class members." Id. The typicality requirement tends to merge with that of commonality. Id. (citing Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 626, n.20 (1997) and Gen. Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 157 n.13 (1982)).

The court finds that, despite variation in individual investments within the Plan, the named plaintiffs claims are typical of that of the Class, as plaintiffs likely have standing to allege "breach of fiduciary duty . . . from the overall decision-making process" and management of the Plan. See Clark v. Duke Univ., No. 1:16-CV-1044, 2018 WL 1801946, at *4–5 (M.D.N.C. Apr. 13, 2018).

### 4. Adequacy of Representation

Finally, adequacy of representation requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The adequacy inquiry . . . serves to uncover conflicts of interest between named parties and the class they seek to represent." Monroe v. City of Charlottesville, No. CIV. 3:05CV00074, 2007 WL 2461746, at *2 (W.D.Va. Aug. 27, 2007) (quoting Amchem Prods., 521 U.S. at 625), aff'd sub nom., Monroe v. City of Charlottesville, Va., 579 F.3d 380 (4th Cir. 2009). This inquiry also tends to merge with the preceding inquiries into commonality and typicality. Id. (citing Amchem Prods., 521 U.S. at 626 n. 20). A conflict must be fundamental to defeat adequacy of representation; a conflict is not fundamental when all class members "share common objectives and the same factual and legal positions and have the same interest in establishing the liability of defendants." Ward v. Dixie Nat. Life Ins. Co., 595 F.3d 164, 180 (4th Cir. 2010) (internal alterations omitted) (quoting Gunnells v. Healthplan Servs., Inc., 348 F.3d 417, 431 (4th Cir. 2003)); see also Amchem Prods., 521 U.S. at 625 (quoting E. Tex. Motor Freight Sys. Inc. v. Rodriguez, 431 U.S. 395, 403 (1977)) ("A class representative must be part of the class and possess the same interest and suffer the same injury as the class members." (internal alterations omitted)). Finally, in addition to inquiring into the named plaintiffs themselves, the adequacy requirement also contemplates the conflicts and competency of class counsel. Amchem Prods., 521 U.S. at 626 n. 20 (citing Gen. Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 157 n. 13 (1982)).

Here, the parties have stipulated that the named plaintiffs are adequate to represent the class and have no known conflicts with other members of the class, ECF No. 43, at 3, and the

court perceives no issue with the adequacy of the named plaintiffs. Furthermore, it is clear that the proposed class counsel have investigated this case, have experience with similar ERISA class actions, and are competent to represent the class in this matter. Further, the court perceives no conflict between the proposed counsel and the proposed class.

### B. Rule 23(b) Categorization

In addition to meeting the requirements of Rule 23(a), a class must also qualify under one of the three "types" of classes set forth in Rule 23(b). Gray v. Hearst Commc'ns, Inc., 444 Fed.Appx. 698, 700 (4th Cir.2011) ("[A] proposed class must meet the requirements of both Rule 23(a) and Rule 23(b).").

The parties stipulate to class certification under either Rule 23(b)(1)(A) or (b)(1)(B). The court finds that certification under Rule 23(b)(1) is appropriate, as "breach of fiduciary duty claims brought under § 502(a)(2) of paradigmatic examples of claims appropriate for certification as a Rule 23(b)(1) class." Boley v. Universal Health Servs., Inc., 36 F. 4th 124, 136 (3d Cir. 2022) (quoting In re Schering Plough Corp. ERISA Litig., 589 F.3d 585, 604 (3d Cir. 2009) (cleaned up). Certifying "an ERISA class as a (b)(1) class is not dependent on the degree of individual proof that will be required for individual plaintiffs to recover, but rather on the recognition that deciding one plaintiff's claim might mean other plaintiffs might be unable to bring their own claims separately." Id.

### IV.

For the aforementioned reasons, the court **GRANTS** the Motion to Certify class, ECF No. 43, with the following class definition, as stipulated in ECF No. 50:

> All persons, except individual Defendants and their immediate family members, who were participants in or beneficiaries of the

Plan, at any time between October 20, 2015 through the date of judgment (the "Class Period"), excluding any class member who executed an applicable release.

Attorneys Gyandoh, Reavey, Houchens, and Fitzgerald are hereby **APPOINTED** class counsel.

It is **SO ORDERED**.

Entered: June 9, 2023

Digitally signed by Michael F. Urbanski
Chief U.S. District Judge
Date: 2023.06.09 17:44:01 -04'00'

Michael F. Urbanski
Chief United States District Judge