IN THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT OF
VIRGINIA
Roanoke Division

| | |
|---|---|
| DENIECE PAGANS, JANET SWEET, SAFI M. RIAZ, BESSIE M. MCADAMS, KEITH O. EDWARDS and PETER H. DARGEL, individually and on behalf of all other similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>ADVANCE STORES COMPANY, INCORPORATED, THE BOARD OF DIRECTORS OF ADVANCE STORES COMPANY, INC. and THE RETIREMENT COMMITTEE OF ADVANCE AUTO PARTS, INC. 401(k) PLAN,<br><br>  Defendants. | Civil Case Action No. 7:21-cv-00549-MFU<br><br>Honorable Michael F. Urbanski |

**DECLARATION OF MARK K. GYANDOH IN SUPPORT OF
PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT, APPROVAL OF FORM AND MANNER OF CLASS NOTICE,
<u>AND SCHEDULING OF A FAIRNESS HEARING</u>**

I, Mark K. Gyandoh, Esquire, as Class Counsel, declare as follows:

1. I am a member in good standing of the bars of the Commonwealth of Pennsylvania and state of New Jersey and have personal knowledge of the facts set forth below and, if called as a witness, I could and would testify competently thereto.

2. I am chair of the Fiduciary Practice Group at Capozzi Adler, P.C., and have been the lead attorney for my firm in this litigation representing Plaintiffs and the proposed Settlement Class in the above-captioned action.

1

*Procedural History*

3. Following several months of investigation, including engaging consulting experts, Plaintiffs, Janet Sweet, Safi M. Riaz, Bessie M. McAdams, Keith O. Edwards, and Peter H. Dargel, former participants in the Advance Auto Parts, Inc. 401(k) Plan (the "Plan"), filed a Consolidated Amended Complaint on May 24, 2022 (ECF No. 25).

4. On June 7, 2022, Defendants filed an Answer and Affirmative Defense to Class Action Amended Complaint (ECF No. 25).

5. On February 28, 2023, Plaintiffs filed a Motion for Class Certification (ECF No. 40).

6. On April 7, 2023, the Parties filed a Stipulation and Proposed Order Regarding Class Certification (ECF No. 43)

7. On May 27, 2023, the Parties filed a Supplement to Stipulation Regarding Class Certification (ECF No. 50),

8. The Court issued a Memorandum Opinion granting Plaintiffs' Motion to Certify Class (ECF No. 40), as to the Stipulation and Proposed Order Regarding Class Certification (ECF No. 43) and as defined in the Supplement to Stipulation Regarding Class Certification (ECF No. 50), as to the Class Definition.

9. The Court issued an Order (ECF No. 55) granting the Motion to Certify class (ECF 40) and two Joint Stipulations as to the Class Definition (ECF Ns. 43 and 50).

*Discovery Practice*

10. Plaintiffs served their Initial Disclosures on August 2, 2022.

11. Plaintiffs served a set of Interrogatories and Requests for Production of Documents to Defendants on August 5, 2022.

12. Defendants served Initial Disclosures to on August 26, 2022.

13. Defendants served their Responses to Plaintiffs' First Set of Interrogatories and Requests for Production of Documents on September 9, 2022.

14. Defendants served their First Set of Interrogatories and Requests for Production of Documents to Plaintiffs on November 29, 2022.

15. Plaintiffs served their Reponses to Defendants' First Set of Interrogatories and Requests for Production of Documents to Plaintiffs on January 1, 2023.

16. Defendants provided Plaintiffs with approximately 16,383 pages of documents pursuant to Plaintiffs' discovery requests.

17. The deposition of Plaintiff Keith O. Edward was taken on July 7, 2023.

18. The deposition of Plaintiff Safi Riaz was taken on July 7, 2023.

19. The deposition of Plaintiff Bessie McAdams was taken on July 10, 2023.

*Mediation*

20. On October 19, 2023, the parties attended a full-day mediation session with Robert A. Meyer, Esquire, of JAMS. During the mediation session the parties advocated vigorously for their respective positions.

21. After continuing negotiations and developing an understanding of their respective positions, the Parties came to a settlement agreement.

*The Settlement Terms*

22. The Parties, through arm's length negotiations and numerous exchanges of memoranda and discovery, reached a settlement of $1,700.000.00 (one million, seven hundred thousand U.S. dollars) in cash plus other non-monetary relief. Under Section 12 of the Settlement Agreement, Defendants agree to "[w]ithin three(3) years conduct a recordkeeper request for

proposal for the Plan and to the extent not already in place, institute two (2) hours of mandatory fiduciary training for all members of the Retirement Committee of Advance Auto Parts to take place on an annual basis. Defendants do not have any additional ongoing obligations in this respect.

23. The Gross Settlement Amount is inclusive of an attorney fees award not to exceed thirty-three and one third percent (33 1/3%) of the Gross Settlement Amount. Put differently, a maximum of $566,610. The Settlement Agreement also provides for a reimbursement of attorney expenses up to $100,000.00 and a maximum of $10,000.00 incentive awards for each of the Class Representatives (Named Plaintiffs) for their work in bringing the case forward. These amounts are to be paid from the Gross Settlement Amount.

24. The Settlement Agreement is attached hereto as Exhibit 1 and has several exhibits. These exhibits are: A (Settlement Notice); B (Plan of Allocation); C (Preliminary Approval Order); D (Final Approval Order and Judgment).

*Settlement Administration*

25. Plaintiffs have selected Class Experts Group, LLC ("CEG") to be the Settlement Administrator. CEG is highly experienced in class action claims administration. Upon preliminary approval, CEG will mail, by first class mail, the Court-approved notice to Settlement Class members using addresses from employment records and documents associated with the Plan. CEG will administer a skip trace and receive updated address information for any notices that are returned for lack of a forwarding address and re-mail the notices to the updated addresses.

26. Additionally, CEG will establish a settlement website providing Settlement Class members with important case documents, pertinent information, and contact information for the

Settlement Administrator, Class counsel, and Defense counsel. The class notice will also be posted to the settlement website.

27. Lastly, CEG will institute a case-specific toll-free number for members to listen to an Interactive Voice Response ("IVR") system or speak with a live agent. The Notice, website, and telephone number will inform Settlement Class members of their rights to object, deadline to object, claims administration procedures for Class Members, Plaintiffs' incentive awards, and Class Counsel's request for attorney's fees and expenses.

### *Counsel's Experience and Plaintiffs' Adequacy*

28. I received both my J.D. (2001) and LLM in trial advocacy (2011) from Temple University School of Law. While at Temple, I was the research editor for the Temple International and Comparative Law Journal. After law school I clerked for a year with a Judge on the New Jersey State Appellate Court.

29. I have been litigating ERISA fiduciary breach lawsuits for over 18 years, first at my prior firm of Kessler Topaz Meltzer & Check, LLP (KTMC), and currently at Capozzi Adler where, as noted above, I am chair of the Fiduciary Practice Group. Over my career I have been actively involved in many high profile ERISA class actions. For example, I was one of the lead attorneys for plaintiffs in *Fifth Third Bancorp, et al., v. Dudenhoeffer, et al.*, 573 U.S. 409, 134 S. Ct. 2459 (2014), a seminal Supreme Court decision that clarified the unwavering duties owed by fiduciaries to pension plan participants. *See* biography at https://capozziadler.com/mark-k-gyandoh-esquire/.

30. My partner, Donald Reavey, who chairs the firm's Litigation Practice Group, is an experienced litigator frequently handling multi-million dollar disputes. A 1998 graduate of Penn State, Dickinson School of Law, Mr. Reavey has leaned on his two-decade plus litigation

5

experience in filing and litigating dozens of ERISA breach of fiduciary duty actions over the last several years. *See* biography at https://capozziadler.com/donald-r-reavey-esquire/.

31. Rounding out the ERISA team are our support staff which includes paralegals and other paraprofessionals who assist in the practice. Additionally, as litigation dictates, the ERISA team avails itself of the services of the other attorneys and staff at the firm.

32. Capozzi Adler has significant resources with three office locations. We have been serving clients for over 24 years offering a full range of legal services. I and my firm have been lead or co-lead interim counsel in dozens of ERISA breach of fiduciary duty actions. Recently, Capozzi Adler was appointed class counsel in the following matters: *McCool v AHS Management*, No. 3:19-cv-001158 (ECF 130) (appointing Capozzi Adler as Class Counsel); *Sweet v. Advance Auto Stores Co., Inc.*, No. 7:21-cv-549, slip op. (W.D. Va. June 9, 2023) (ECF. 54); *Huang, et al., v. TriNet HR III, Inc., et al.*, No. 8:20-cv-2293-VMC-TGW (M.D. FL. Oct. 21, 2022) (ECF 85) (appointing Capozzi Adler as Class Counsel); *Stengl et al. v. L3Harris Technologies, et al.*, No. 6:22-cv-572, Slip Op. (M.D. Fla. June 5, 2023) (ECF. 92); *Lucas, et al., v. MGM Resorts International, et al.*, 2:20-cv-01750-JAD-NJK (D.C. NV Oct. 20, 2022) (ECF 112) (appointing Capozzi Adler as Class Counsel); *Nunez, et al., v. B. Braun Medical, Inc., et al.*, No. 5:20-cv-04195 (E.D. Pa. June 30, 2022) (ECF. 69) (appointing Capozzi Adler as Class Counsel); *Boley, et al. v. Universal Health Servs., Inc., et al.*, 2021 WL 859399 (E.D. Pa. Mar. 8, 2021) (appointing Capozzi Adler as co-lead counsel in analogous breach of fiduciary duty action).

33. The firm strives to obtain the best results for class members in every circumstance. We have successfully defeated motions to dismiss similar allegations in numerous actions. *See, e.g., Tobias et al v. NVIDIA Corp.*, 4:20-cv-06081-JST (N.D. Cal. Sept. 11, 2023) (upholding allegations that plan fiduciaries selected higher-priced identical share classes and overpaid for

recordkeeping); *Davis v. Magna Int'l of America, Inc.*, 2021 WL 1212579 (E.D. Mich. March 31, 2021) (same); *Kendall et al v. Pharmaceutical Product Development, LLC*, No. 7:20-cv-00071-D (ECF No. 28) (E.D.N.C. March 31, 2021) (same); *Jones v. Coca-Cola Consolidated, Inc.*, No. 3:20-cv-00654-FDW-DSC (ECF No. 25) (W.D.N.C. March 31, 2021) (same); *McCool v. AHS Management Company, Inc.*, 2021 WL 826756 (M.D. Tenn. March 4, 2021) (same); *Parmer, et al. v. Land O'Lakes, Inc., et al.*, 2021 WL 464382 (D. Minn. Feb 9, 2021) (same); *In re Medstar ERISA Litig.*, 2021 WL 391701 (D. Md. Feb. 4, 2021) (same); *Jones v. Dish Network Corp.*, No. 22-cv-00167-CMA-STV (D. Colo. Nov. 6, 2023); *Seibert v. Nokia Corp. of America*, No. 21-20478 (D.N.J. Aug. 8, 2023).

34. My firm has also engaged in successful settlement negotiations and mediations in ERISA actions, recovering millions of dollars for its clients and class members. *See, e.g., McNeilly v. Spectrum Health System*, Civil Action No. 1:20-cv-00870 (W.D. Mich. 2023) (recovered $6,000,000.00 class settlement); *Buescher, et al., v. Brenntag North America, Inc., et al.*, No. 5:20-cv-00147 (E.D. Pa. 2020) (recovered $2,300,000.00 class settlement); *Pinnell, et al., v. Teva Pharmaceuticals USA, Inc., et al.*, No. 2:19-cv-05738-MAK (E.D. Pa. 2019) (settlement in the amount of $2,550,000.00 after successful mediation); *Dean v. Cumulus Media, Inc.*, Civil Action No. 1:22-cv-04956-TWT (N.D. Ga. 2023) (recovered $1,000,000.00 settlement); *Loomis v. Nextep, Inc.*, Civil Action No.: 5:21-cv-00199-HE (W.D. Okla. 2023) (recovering $1,100,000.00); *Freck v. Cerner Corp., et al.*, No. 4:20-CV-00043-BCW (W.D. Mo. 2020) (recovered $4,050,000.00 class settlement); *Gerken, et al. v. ManTech Int'l Corp, et al.*, No. 1:20-cv-01536 (E.D. Va. 2020) (recovered $1,200,000.00 class settlement).

35. Capozzi Adler also has the resources and commitment to deploy those resources on behalf of the proposed class in this case and has in fact done so as evidenced by our litigation efforts to date, including conducting discovery and attending mediation.

36. Given my years of experience in this field of law, including, trying an analogous case to an unfavorable verdict for plaintiffs *Nunez v. B. Braun Med., Inc.*, No. 20-4195 (E.D. Pa. Aug. 18, 2023), I believe the settlement achieved in this case is adequate and certainly reasonable and fair.

### *Plaintiffs Are Adequate Class Representatives*

37. Each of the Named Plaintiffs support the Settlement.

### *Authority Supporting Appropriateness of Class Certification*

38. Having litigated almost exclusively ERISA breach of fiduciary duty actions over my career it is my experience that the types of claims asserted in this action are typically certified.

I declare, pursuant to 28 U.S.C. §1746 and under penalty of perjury, that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed this 19th day of December, 2023, in Merion Station, Pennsylvania.

**CAPOZZI ADLER, P.C.**

*/s/ Mark K. Gyandoh*
Mark K. Gyandoh, Esquire